IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| NOVO NORDISK A/S AND NOVO NORDISK INC., <br><br> Plaintiffs, <br><br> v. <br><br> RYZE HRT LLC, <br><br> Defendant. | Case No. 7:25-cv-00218-BO |

## FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT

This matter having come before the Court on the joint request of the parties for entry of this Final Judgment and Permanent Injunction on Consent (this "Final Judgment"); and

It appearing that plaintiffs Novo Nordisk A/S and Novo Nordisk Inc. (collectively, "Novo Nordisk") filed their Complaint in this action on January 10, 2025, and that defendant Ryze HRT LLC ("Ryze HRT") was served with the Complaint and, through counsel, appeared on February 18, 2025; and

It further appearing that the parties have agreed to settle and resolve this matter without further formal proceedings herein, and, as indicated by the signatures below, have consented to entry of this Final Judgment in connection with such resolution of this action; and

The Court finding good cause therefor;

NOW, THEREFORE, by stipulation and agreement of the parties, and with the consent of counsel for plaintiffs and counsel for defendant, as indicated below, and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

2

1.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and has jurisdiction over defendant Ryze HRT. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

2.      Plaintiff Novo Nordisk's Complaint states causes of action against defendant Ryze HRT for false advertising, unfair competition, and deceptive and unfair trade practices in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and common law.

3.      Without the consent of plaintiff Novo Nordisk, defendant Ryze HRT has engaged in advertising, marketing, and/or promotion of compounded drug products purporting to contain semaglutide that have not been approved by the U.S. Food & Drug Administration (the "FDA") and are not genuine Novo Nordisk FDA-approved, semaglutide-based medicines ("Unapproved Compounded Drugs") that falsely suggests that: (i) the Unapproved Compounded Drugs have been reviewed by the FDA for safety, effectiveness, or quality; or have been demonstrated to the FDA to be safe or effective for their intended use; (ii) the Unapproved Compounded Drugs offered by defendant Ryze HRT achieve or have been shown or proven to achieve certain therapeutic results, effects, or outcomes; and/or (iii) the Unapproved Compounded Drugs achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes similar or identical to Novo Nordisk's FDA-approved, semaglutide-based medicines, and/or that the Unapproved Compounded Drugs are interchangeable with or equivalent to genuine Novo Nordisk FDA-approved, semaglutide-based medicines.

4.      Defendant Ryze HRT's actions as described above are likely to cause deception and violate Novo Nordisk's rights under the Lanham Act and state common law.

3

5. Defendant Ryze HRT, its officers, directors, shareholders, owners, agents, servants, employees, and attorneys, and all those in active concert or participation with them, are hereby PERMANENTLY ENJOINED from:

    (a) advertising, stating, or suggesting that any Unapproved Compounded Drugs, including any Unapproved Compounded Drugs that either are available, directly or indirectly, from or through Defendant or the use of which or access to which is facilitated by, or with the involvement of, Defendant:

        (1) are, or contain, genuine or authentic Novo Nordisk OZEMPIC, WEGOVY, or RYBELSUS medicines;

        (2) are sponsored by or associated with Novo Nordisk;

        (3) are approved by the FDA; have been reviewed by the FDA for safety, effectiveness, or quality; or have been demonstrated to the FDA to be safe or effective for their intended use;

        (4) achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes, including by relying on or making reference to clinical trial results for Novo Nordisk's medicines;

        (5) achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes similar or identical to Novo Nordisk's medicines or are interchangeable with or equivalent to genuine Novo Nordisk medicines;

        (6) are associated or connected with Novo Nordisk or Novo Nordisk's medicines; or

(7) contain any ingredient (including semaglutide) that is supplied by Novo Nordisk, is approved by the FDA, or is the same as any ingredient in any Novo Nordisk medicine.

6. IT IS FURTHER ORDERED that, for twelve months from the date of entry of this Final Judgment, Defendant shall conspicuously and prominently disclose in any materials for any Unapproved Compounded Drugs, including all advertising, marketing, and promotional materials, that: (a) the Unapproved Compounded Drugs are compounded drugs that have not been approved by the FDA; have not been reviewed by the FDA for safety, effectiveness, or quality; and have not been demonstrated to the FDA to be safe or effective for their intended use; (b) the processes by which the compounded drugs are manufactured have not been reviewed by the FDA; and (c) FDA-approved products containing semaglutide are available.

7. The parties having agreed to a confidential settlement agreement that resolves Novo Nordisk's claims, no award is included in this Final Judgment.

8. Judgment is hereby entered in favor of plaintiff Novo Nordisk as set forth above. All claims asserted in this action are hereby dismissed without prejudice, except that this Court shall retain jurisdiction for the purpose of enforcing the parties' settlement agreement, this Final Judgment, and as otherwise provided herein.

9. This Final Judgment shall be deemed to have been served on defendant Ryze HRT, its officers, directors, shareholders, owners, agents, servants, employees, and attorneys, and all those in active concert or participation with them as of the date of entry hereof by the Court.

5

**SO ORDERED**, this ___8___ day of ___June___, 2025.

                                               _Terrence Boyle_
                                               UNITED STATES DISTRICT JUDGE

CONSENTED TO:

/s/ *T. Richmond McPherson, III*
*Counsel for Plaintiffs*
T. Richmond McPherson, III
Bowman and Brooke LLP
1924 E. 7th St., Ste. 300
Charlotte, North Carolina 28204
Telephone: 980-987-3712
Email: rich.mcpherson@bowmanandbrooke.com
N.C. State Bar No.: 41439


/s/ *Brandon C. Pettijohn*
*Counsel for Defendant*
Brandon C. Pettijohn
1022 Grandiflora Dr., Ste. 160
Leland, North Carolina 28451
(P) 910-910-9010
(F) 910-679-6016
(E) brandon@portcityattorney.com
N.C. State Bar No.: 54954